**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SYLVESTER KIMBLE,<br><br>Plaintiff,<br><br>v.<br><br>JIM FARRIS, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-00220-JD |

# ORDER

Before the Court is United States Magistrate Judge Chris M. Stephens's Report and Recommendation [Doc. No. 45], to which Plaintiff Sylvester Kimble ("Plaintiff") objected [Doc. No. 46]. As discussed below, the Court accepts the Report and Recommendation ("R. & R.").

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this case under 42 U.S.C. § 1983 against various defendants associated with the Lawton Correctional and Rehabilitation Facility ("LCRF").[1] [Doc. No. 1]. The Court referred this case to Judge Stephens under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 5].

Following the filing of the Special Report [Doc. No. 33], Defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion"). [Doc. No. 34]. Plaintiff responded to the Motion [Doc. No. 35], and Defendants filed a reply [Doc. No. 38]. As outlined in the R. & R., Plaintiff alleges two claims in his

[1] The Oklahoma Department of Corrections ("ODOC") has renamed LCRF to Red Rock Correctional Center. *See* https://oklahoma.gov/doc/newsroom/2025/odoc-to-rename-lawton-correctional-and-rehabilitation-facility.html (last visited Aug. 25, 2026).

Complaint. First, he alleges violations of his Eighth and Fourteenth Amendment rights against LCRF officials and the GEO Group, Inc., a private entity that operates LCRF. [Doc. No. 45 at 1–2]. Second, he claims that Defendants violated his First Amendment rights and engaged in religious discrimination by not providing him sufficient food for his Kosher diet. [*Id.* at 2].

The R. & R. recommends that the Court treat the Motion as one for summary judgment. [*Id.* at 4]. Judge Stephens considered matters outside the pleadings and found that Plaintiff had sufficient notice that Plaintiff had to defend against a summary judgment motion for two reasons. First, Defendants styled their motion as alternatively seeking summary judgment, so Plaintiff had notice from the Motion itself. [*Id.* at 4–5]. Second, the Court had previously warned Plaintiff that it may convert a motion relying on affidavits or documents to a motion for summary judgment and notified Plaintiff of his responsibility to respond to the motion and present relevant evidence or materials. [*Id.* at 5; *see also* Doc. No. 17].

Accordingly, the R. & R. considered the Motion as a summary judgment motion and concluded, based upon the record, that Plaintiff failed to exhaust his administrative remedies regarding his claims. [Doc. No. 45 at 7–15]. The R. & R., therefore, recommended that the Court grant the Motion and advised that the Court should enter judgment in favor of all Defendants, including Pat LNU, who has not been served. [*Id.* at 15–16]. The R. & R. also recommended that the Court deny Plaintiff's two pending motions, "Motion for Immediately Transfer" [Doc. No. 39] and "Motion for Trial" [Doc. No. 40], as moot, in light of the R. & R.'s recommendation to grant summary judgment

to all Defendants. [Doc. No. 45 at 16–17].

The R. & R. advised the parties of their right to object by August 21, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 17 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))]. Plaintiff filed timely objections [Doc. No. 46].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). However, when an objection is improper (objections that are not timely or specific), the Court may review the R. & R. under any standard it deems appropriate. *Cisneros v. Gomez*, Case No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991)). The Court will construe Plaintiff's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's objections do not allege specific legal or factual error in the R. & R. Instead, Plaintiff states that Judge Stephens exhibited "bias and unfair treatment" against him but does not state how, other than general disagreement with the conclusion of the R.

& R. [*See* Doc. No. 46 at 1]. Plaintiff also reasserts facts and claims alleged in his Complaint, but he does not object to specific conclusions or findings of the R. & R. or impugn the R. & R.'s conclusion that he failed to exhaust his administrative remedies. [*See id.* at 2–3].

Accordingly, Plaintiff has not made specific objections sufficient to isolate issues for the Court's de novo review, and his general objections waive his right to such review. *See 2121 E. 30th St.*, 73 F.3d at 1060 (holding that objections must be specific to preserve an issue for de novo review by the district court or for appellate review). Alternatively, even if it were to conduct a de novo review, the Court agrees with the analysis of the R. & R. and grants Defendants' Motion. *See id.* at 1060–61 (recognizing that the objections "were not sufficiently specific to preserve any issue for appellate review" and explaining even where the district court conducts a de novo review sua sponte, that "does not warrant lifting the bar of appellate review under the circumstances presented").

For the reasons outlined above, the Court ACCEPTS the R. & R. [Doc. No. 45]. The Court GRANTS Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion"), which it treats as a motion for summary judgment, and GRANTS judgment in favor of Defendants. [Doc. No. 34]. The Court also DENIES Plaintiff's "Motion for Immediately Transfer" [Doc. No. 39] and "Motion for Trial" [Doc. No. 40] as moot considering this Order. A separate judgment will follow.

IT IS SO ORDERED this 25th day of August 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE